Citation Nr: 1528204 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-03 689 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Albuquerque, New Mexico


THE ISSUE

Entitlement to service connection for depressive disorder, including as secondary to service-connected basal cell carcinoma, face and neck, status post multiple surgeries.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel





INTRODUCTION

The Veteran served on active duty from May 1951 to January 1953, and from September 1955 to September 1967.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio, jurisdiction later being transferred to the RO located in Albuquerque, New Mexico. 

A hearing before the Board was scheduled for June 2014. The Veteran failed to appear for this hearing and has not provided a good cause explanation for missing the hearing. Therefore, his hearing request is deemed withdrawn. See 38 C.F.R.
§ 20.704(e) (2014).

The Board in October 2014 previously remanded this case for specified evidentiary development, and upon its completion, denial of the benefit sought was continued.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2014). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Pursuant to the Board's October 2014 remand, the Veteran was examined by VA in in February 2015. His representative argues that the resulting opinion is not adequate for the Board to issue a decision at this time. The Board agrees. 

It is unclear from the examiner's opinion if she believes the January 2012 diagnosis of depression is a valid diagnosis. For example, the examiner wrote that there is no evidence after January 2012 "to corroborate the diagnosis." In addition, the examiner's opinions regarding secondary service connection seem to incorporate the opinions from the examiner in January 2012 rather than express new opinions in regards to the etiology of the depression. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Return the claims file to the VA examiner who conducted the VA examination in February 2015 for a supplemental opinion. A rationale should be provided for any opinion offered. The examiner is asked to address the following: 
(a) Is there any reason to question the validity of the diagnosis of depression made in January 2012? If so, please explain why the diagnosis may not be valid.
(b) Regardless of the response to the above question, please assume as true that the Veteran had depression in January 2012 and provide opinions as to whether it is at least as likely as not (50 percent or greater probability) that the depressive disorder was (1) caused by or (2) aggravated (permanently worsened) by the Veteran's service-connected basal cell carcinoma and surgeries for that disease. 

The Board recognizes that previous examiners have addressed similar questions, but still requests that the examiner also offer an opinion. If the examiner agrees with a previous opinion she or he is asked to provide a rationale for the belief that the previous opinion is correct. The Board notes that the question of aggravation of depression has not been adequately addressed by any examiner and must be addressed before the Board can proceed with issuing a decision. 

If the February 2015 examiner is not available, or is no longer employed by VA, provide the file to another qualified examiner for review and/or schedule the Veteran for a mental health examination by an examiner who has not seen him previously, and that addresses the inquiries set forth above.

2. Then review the claims file. If the directives specified in this remand have not been implemented, appropriate corrective action should be undertaken before readjudication. Stegall v. West, 11 Vet. App. 268 (1998).

3. Thereafter, adjudicate the claim on appeal in light of all additional evidence received. If the benefit sought on appeal is not granted, the Veteran and his representative should be furnished with a Supplemental Statement of the Case and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
Nathan Kroes
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).